**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ZHYRIADA, et al.<br><br>   Plaintiff(s)<br><br>v.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC, et al.<br><br>   Defendant(s) | Civil Action No. 2:19-cv-5703 |

**JOINT STATUS REPORT AND DISCOVERY PLAN**
**PURSUANT TO Fed. R. Civ. P. 26(f)**

Having conferred on September 30, 2020, the parties hereto present the following Joint Status Report and Discovery Plan Pursuant to Fed. R. Civ. P. 26(f):

  **1.**  **Discussion of Claims, Defenses, and Relevant Issues**

    **a.**  **Plaintiff's Position**

The underlying circumstances of this matter relate to a collection letter sent Healthcare Revenue Recovery Group, LLC ("Defendant") to Iryna Zhyriada ("Plaintiff") by, on or about January 8, 2019, regarding Plaintiff's alleged obligation to pay Nazareth Hospital ("Provider") a "Total Balance" and/or "Amt Owed" of $602.00. The alleged obligation to pay originated from Plaintiff's evaluation and treatment following a motor vehicle accident in February of 2018. On December 14, 2019, Plaintiff initiated this class action, asserting that Defendant's letter violated Sections 1692e(2), 1692e(10), and 1692f(1) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., because the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. § 1701 et seq., prohibited Defendant from collecting the total outstanding balance of $602.00. See generally ECF Doc. 1.

1

      **b.**     **Defendant's Position**

Defendant, Healthcare Revenue Recovery Group, LLC ("Defendant"), denies that it violated the FDCPA when it sought to collect, on behalf of a medical provider, an outstanding balance due on Plaintiff's medical obligation owed to Emergency Care Services of PA.  Plaintiff alleges that Defendant should have applied a "reduction" pursuant to the Act 6 Amendments of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1797 ("Act 6") before seeking to collect her obligation.  However, it is Defendant's understanding that Act 6 does not apply to Plaintiff because no insurance was involved regarding Plaintiff's medical obligation.  In addition, Plaintiff never disputed her financial obligation with Defendant.

Defendant also asserts that Plaintiff will not be able to certify a class in this case. Plaintiff must demonstrate that the proposed class is "currently and readily ascertainable based on objective criteria."  See Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 593 (3d Cir. 2012).  "If class members are impossible to identify without extensive and individualized fact-finding or "'mini-trials,'" then a class action is inappropriate." *Id.*  It will be impossible, without deposing each individual potential class member, his or her motor vehicle insurance carrier, and/or his or her healthcare providers to confirm whether an account is subject to Act 6.

    **2.**    **Informal Disclosures**

The parties have agreed to exchange Initial Disclosures by October 9, 2020.

    **3.**    **Formal Discovery**

The parties anticipate conducting written discovery (interrogatories, requests for production of documents, and requests for admission), as well as depositions.  The parties anticipate that they will need 150 days for discovery as third-party discovery will be likely.

Defendant submits that the most efficient manner for this case to proceed is for discovery

to be bifurcated to first address Plaintiff's individual allegations that Defendant violated the FDCPA. As set forth above, it is Defendant's position that Act 6 does not apply to Plaintiff's obligation. The completion of this discovery will allow Defendant to immediately move for summary judgment on this threshold issue. Bifurcation has the potential to save the parties and this Court from the substantial costs and burdens associated with whole scale class action discovery. Defendant is prepared to file a motion to fully brief its position on bifurcation.

Plaintiff objects to bifurcation of discovery, because: (1) there is a significant overlap between the merits of Plaintiff's individual claim and that of the class; and (2) bifurcation will not conserve judicial resources and will severely prejudice Plaintiff and Pennsylvania consumers, whose rights Defendant has been violating. In this regard, Plaintiff asks that, to the extent Defendant will ask the Court to engage in this "disfavored"[1] practice, it should do so by a formal motion, so that Plaintiff would have an opportunity to respond to each of Defendant's assertions.

The parties do not anticipate retaining expert witnesses. Defendant has already served Plaintiff with Interrogatories and Requests for the Production of Documents.

   **4.**      **Electronic Discovery**

Having conferred on this issue, the parties do not anticipate any issues with parameters or disclosure of electronically stored information. The parties do not anticipate taking substantial e-discovery, and will consent to entry of the Court's standard order (if any).

   **5.**      **Expert Witness Disclosures**

   **a.**      **Plaintiff's Position**

Plaintiff does not anticipate retaining expert witnesses, but reserves the right do so.

   **b.**      **Defendant's Position**

---

[1] See, e.g., Barr Labaratories, Inc. v. Abbott Laboratories, 978 F.2d 98, 115 (3rd Cir. 1992).

Defendant does not anticipate retaining expert witnesses but reserves the right to do so.

**6.    Early Settlement Resolution**

The parties intend to engage in settlement discussions once discovery is conducted and their expected dispositive motions are resolved.

**7.    Dispositive Motions**

The parties shall have thirty (30) days after expiration of the discovery period to file any dispositive motions.

**8.    Class-Related Motions**

If discovery is not bifurcated, Plaintiff intends to file her motion for class certification no later than thirty (30) days after a final decision on the parties' dispositive motions.  Defendant wishes to file a motion to bifurcate this case so that the issue of whether Plaintiff is subject to Act 6 can be determined first before there is any class action discovery.  In the event discovery is bifurcated, then Plaintiff will require an additional period to conduct written and deposition discovery with respect to class issues and will seek class certification no later than thirty (30) after this additional period of discovery concludes.

**9.    Trial**

The parties anticipate three (3) days for the trial of this matter.  The parties do not agree to refer this matter to a Magistrate Judge at this time.

10.    **Other matters**

None.

**(SIGNATURES ON THE NEXT PAGE)**

Date: <u>September 30, 2020</u>                    **KALIKHMAN & RAYZ, LLC**

/s/
Arkady "Eric" Rayz
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwglaw.com
Email: rgray@cwglaw.com

Counsel for Plaintiff(s) and the Proposed Class


**Kaufman Dolowich Voluck, LLP**


/s/
Richard J. Perr
Monica Littman
1600 John F. Kennedy Boulevard, Suite 1030
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
Email: rperr@kdvlaw.com
Email: mlittman@kdvlaw.com

Counsel for Defendant Healthcare Revenue Recovery Group, LLC